No. 9234.

McKelvey *v.* North Sterling Irrigating District.

1. WATER. RIGHT—*Seepage Water.*   Seepage waters are not the subject of appropriation.

An irrigation district is entitled to reclaim waters which escape by seepage from its works.   Acting with reasonable diligence it may maintain a bill to establish such right as against a stranger claiming the escaped waters, and restrain him from asserting unlawful claims.

2. VENUE.   Such action is not a proceeding to adjudicate a water right, and the decree is not a modification of the original decree.   The action lies in the county where the seepage occurred.

*Error to Logan District Court, Hon. H. P. Burke, Judge.*

Mr. JAMES W. McCREERY, Mr. DONALD C. McCREERY, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS is an action by defendant in error, plaintiff below, to enjoin the defendant from interfering with its appropriated water, escaping by means of seepage from the outlet ditch, from its reservoir, which conveys the water therefrom upon the lands embraced within the irrigation district, and to quiet title to such use of its appropriated waters.

It appears that in the construction of this outlet ditch it was necessary to cross a gulch or draw, which is usually dry, but which extended to the river below. This was done by constructing a fill on the lower side of the ditch, and which caused the water to be backed up for a considerable distance and depth in the draw and above the fill and ditch. The result of this was to cause the seepage through the fill of a quantity of water amounting to three or four cubic feet per second of time.

The defendant who had a claim or tract of land below the fill, constructed a ditch and conveyed this seepage water upon his own and other lands. Water was turned into the ditch of the irrigation district the latter part of May, 1913, and the seepage immediately began.

On the 15th day of September, 1913, the defendant filed a map and statement with the State Engineer, claiming a right to appropriate this seepage water, in which he recited the source of the supply to be the seepage from the North Sterling Ditch. On the same day the irrigation district filed a ditch statement with the state engineer, showing the survey for a proposed ditch to catch this seepage water, and to carry it to and upon lands within the irrigation district, and the district afterward constructed a ditch in accordance with such survey and proceeded to divert the seepage waters accordingly.

The defendant then proceeded to divert these waters into his own ditch and this action was to restrain him from so doing.

The court made the following findings of law and of fact and entered judgment accordingly:

"That the material allegations of the complaint are true and that the denials and material allegations contained in the answer are untrue, and doth specifically find that the plaintiff herein is the owner of water from the South Platte River stored in its reservoir, constituting a part of its irrigation system, and that the same is carried through a distributing ditch from said reservoir which, at a point

above the lands of the defendant herein, leaks and seeps through the bank of the plaintiff's distributing ditch in such appreciable quantity as to produce a flow of water of about four cubic feet of water per second of time, flowing through a gully immediately below the line of said distributing ditch, which gully would otherwise be entirely dry, and that said waters so escaping are not merged or mingled with any other waters, and that from the time said water so began to escape from then hitherto, it has been the intent of the plaintiff therein to recapture said waters for irrigation of the lands lying within its territorial limits and that no intent to abandon the same ever existed upon the part of the district, and that said waters constitute appropriated waters owned by the plaintiff which it is entitled to recapture for such use, and that within a reasonable time after said waters began so to escape and leak from said ditch, the plaintiff herein filed of record a statement evidencing its intent to use such waters, and also constructed a ditch or lateral for the purpose of distributing the same upon its lands; that the defendant herein, having heretofore constructed a ditch for the purpose of irrigating his lands from said waters, which lie without the territorial limits of the plaintiff, acquired no paramount or superior right to the use of the same in the premises, but that his right to the use of the same is limited to such water as shall constitute waste and surplus water after the needs of the plaintiff herein for the irrigation of its lands supplied from said waters having been satisfied.

"The court further finds that by reason of the defendant herein attempting to exercise a superior and paramount right to the use of said waters and to supply the same to his lands under claim of right thereto by appropriation, and the right to perpetually continue such use as an appropriator thereof, that the same constitutes a cloud upon the title of the plaintiff herein, and that by reason thereof the plaintiff herein is entitled to a decree in equity establishing its rights, title and interest in and to said waters and en-

joining and restraining the defendant from asserting a superior and paramount claim in and to said waters and diverting the same under such claim of right as against the plaintiff herein."

It is contended that the petition, or complaint, does not show that the plaintiff has made any appropriation of water or acquired in any manner superior right to that of the defendant to the water in question. The complaint does allege the facts upon which it relies. That is to say a lawful appropriation of the waters to its reservoir and outlet ditch, and the attempted appropriation of such waters by the defendant. The validity of plaintiff's appropriation, and the right to the use of the waters so appropriated, is not questioned. Indeed the sole reliance of the defendant is the alleged right to appropriate the escaped waters from such appropriated waters. The complaint was sufficient as against a general demurrer alleging trespass.

It is further contended that the District Court of Logan county was without jurisdiction of the cause for the reason that the jurisdiction for the adjudication of water rights within the particular water district had been established under the law within the jurisdiction of another and different county. But this is not an action to adjudicate a water right, neither upon the part of plaintiff or defendant.

The judgment herein can in no sense be said to be a modification of, or to in any way affect the original decree of appropriation by the irrigation district, nor on the other hand can it be said to be a proceeding upon the part of the defendant to establish a priority of appropriation for a water right, and therefore involves no question of priority, or right of appropriation.

The only question properly before the court is whether or not the plaintiff having lawfully acquired possession of water for irrigation purposes, may retain it by the use of any reasonable and proper means, and within a reasonable time, to be applied upon its lands. Clearly water once

lawfully in plaintiff's possession, may in the absence of an intent to abandon, be prevented from escaping, or may be recaptured while escaping.

We think therefore, that the objection to the jurisdiction of the court is without merit.

The escaped waters involved in this case therefore under the findings of fact by the court, which we find no reason to disturb are for such reason not the subject of appropriation.

The judgment is affirmed.

*En banc.*

Zurke, J., not participating.